UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE TRAMMELL,<br><br>Plaintiff,<br><br>v.<br><br>ENERBANK,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DENY MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:26-cv-00335<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Stephanie Trammell has filed a motion to waive the filing fee.[1]  Under 28 U.S.C. § 1915, if a person is unable to pay fees, a federal court may authorize commencement of an action without prepayment of fees.[2]  To qualify for a fee waiver under § 1915, a party must show a financial inability to pay.[3]  The District of Utah's local rules permit the court to "find a party indigent based on the information provided on the form motion or if a party's monthly income is equal to or below 200% of the United States poverty guideline."[4]

---

[1] (Appl. to Proceed in District Ct. Without Prepaying Fees or Costs (Mot.), Doc. No. 2.)

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4] DUCivR 3-2(a)(1)(A).  The local civil rules are available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf.

Ms. Trammell has not demonstrated an inability to pay the filing fee. She reports her gross pay is $1500 every two weeks,[5] which equates to an annual income of $39,000. She also reports she has no dependents.[6] Ms. Trammell's reported income exceeds 200% of the Federal Poverty Guidelines—which is $31,920 annually for a one-person household.[7] Further, no other information on the form shows Ms. Trammell is indigent. She states "all extra money after all bills goes straight to paying off $1,000,000.00 security agreement lien."[8] She provides no other information regarding this lien in the motion, but an attachment to her complaint suggests she has attempted to place a lien on her own assets on behalf of a "Stephanie Trammell Revocable Living Trust."[9] And her complaint suggests she is relying on this purported lien to avoid other financial obligations.[10] This purported lien does not demonstrate Ms. Trammell is unable to pay the filing fee in this case.

---

[5] (Mot. 1, Doc. No. 2.)

[6] (*Id.* at 2.)

[7] *See* U.S. Dep't of Health & Human Servs., Office of the Assistant Sec'y for Plan. & Evaluation, *2025 Poverty Guidelines: 48 Contiguous States (all states except Alaska and Hawaii)* (2026), https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf [https://perma.cc/24TF-WGRF].

[8] (Mot. 2, Doc. No. 2.)

[9] (*See* Ex. 1 to Compl., Notice of Lien, Doc. No. 1-1.)

[10] (*See* Compl. 4, Doc. No. 1.)

Accordingly, the undersigned[11] recommends the district judge deny Ms. Trammell's motion to waive the filing fee.[12]  The undersigned further recommends Ms. Trammell be given thirty days to pay the fee.[13]  The court will send this Report and Recommendation to Ms. Trammell, who is notified of her right to object to it.  Any objection must be filed within fourteen days of service.[14]  Failure to object may be considered a waiver of objections.

DATED this 23rd day of April, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[11] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 7.)

[12] (Doc. No. 2.)

[13] *See* DUCivR 3-2(a)(1)(D).

[14] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).