IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHANIE TRAMMELL,<br><br>Plaintiff,<br><br>v.<br><br>ENERBANK,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00335-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Stephanie Trammel filed suit against Enerbank, seeking monetary damages for alleged violations of a trust security agreement.[1]  Pending before the court is her motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[2]

**BACKGROUND**

The undersigned referred the case to Magistrate Judge Daphne A. Oberg under 28 U.S.C. § 636(b)(1)(B).[3]  On April 23, 2026, Judge Oberg issued a Report recommending Trammell be denied IFP status.[4]  The Report concludes, "Trammell has not demonstrated an inability to pay the filing fee" because her reported income exceeds 200% of the Federal Poverty Guidelines for a one-person household, which is the statutory threshold for a fee waiver.[5]  On May 8, 2025, Trammell filed an objection,[6] which states:

> A filing fee was request[ed] which I have every right to submit a
> wavier form as long as properly state as to why I can't pay the
> filing fee.  All extra money after all bills goes straight to paying of

---

[1] Dkt. 1, *Complaint for a Civil Case* (*Complaint*) at 4.

[2] Dkt. 2, *Application to Proceed in District Court Without Prepaying Fees or Costs* (*Motion*).

[3] Dkt. 7, *Case Assignment*.

[4] Dkt. 8, *Report and Recommendation to Deny Motion to Waive Filing Fee* (*Report*).

[5] *Id.* at 2.

[6] Trammell styles her objection as a "response" "letting [the court] know" why she cannot pay the filing fee.  Dkt. 10, *Trust Notice Response* (*Objection*) at 1.

$1,000,000.00 security agreement lien.  Now that has been properly addressed again, I motion the case move forward with no more delays or discriminatory actions will be involved.[7]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 allows parties to file "specific written objections to the proposed findings and recommendations."[8]  The court reviews timely, specific objections de novo.[9]  An objection is timely if it is lodged within fourteen days.[10]  When litigants are served by mail, they are given three additional days.[11]  An objection is specific if it sufficiently "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[12]  Under the firm waiver rule, failing to make a timely, specific objection waives review of both factual and legal questions.[13]  In that case, the court generally reviews the report for clear error.[14]

Trammell's Objection is timely under the local rules.[15]  Her Objection is specific, because it focuses the court's attention on her inability to pay the filing fee due to her ongoing obligation to pay the security lien agreement.[16]  Accordingly, de novo review applies.

---

[7] *Id.*

[8] Fed. R. Civ. P. 72(b)(2).

[9] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[10] Fed. R. Civ. P. 72(b)(2).

[11] *Id.* 6(d).

[12] *One Parcel of Real Prop.*, 73 F.3d at 1060.

[13] *Sinclair Wyo. Refin. Co. v. A&B Builders, Ltd.*, 989 F.3d 747, 781 n.23 (10th Cir. 2021) (quoting *United States v. Deiter*, 890 F.3d 1206, 1211 n.5 (10th Cir. 2018)).

[14] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (first citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); then citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[15] *Objection*; *see* Fed. R. Civ. P. 72(b)(2) (setting 14-day deadline); *id.* 6(d) (adding three days to a deadline when served by mail).

[16] *Objection*.

**DISCUSSION**

Under the IFP statute, the court may authorize a civil case to proceed without the prepayment of fees when the litigant lacks the financial means to pay those fees.[17]  Proceeding IFP "is a privilege, not a right."[18]  Under the local rule, a litigant qualifies for IFP status "if a party's monthly income is equal to or below 200% of the United States poverty guideline."[19]  The court has discretion in deciding to grant or deny IFP status.[20]

Trammell fails to demonstrate a financial inability to pay the required filing fee.  Her annual income is $39,000.[21]  She has no dependents.[22]  Two hundred percent of the Federal Poverty Guidelines for a one-person household is $31,920.[23]  Because her income exceeds this threshold, she is not entitled to a fee waiver.

Trammell's Objection does not dispute any of the facts or the legal analysis of the Report.  Instead, she disagrees with the conclusion and seems to argue her debt obligations provide an exception to the local IFP rule.[24]  Trammell purports to have a $1,000,000 security lien that she is financially responsible for.[25]  But, as the Report explains, the Motion "provides no other information regarding" the lien, and "an attachment to her complaint suggests she has attempted

---

[17] 28 U.S.C. § 1915(a)(1); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.").

[18] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998)).

[19] DUCivR 3-2(a)(1)(A).

[20] *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.").

[21] *Motion* at 1.

[22] *Id.* at 2.

[23] *See* U.S. Dep't of Health & Human Servs., Office of the Assistant Sec'y for Plan. & Evaluation, *2025 Poverty Guidelines: 48 Contiguous States (all states except Alaska and Hawaii)* (2026), https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf [https://perma.cc/24TF-WGRF].

[24] *See Objection*.

[25] *Id.*

to place a lien on her own assets on behalf of a 'Stephanie Trammell Revocable Living Trust.' And her complaint suggests she is relying on this purported lien to avoid other financial obligations."[26]  Trammell's Objection does not provide cure this defect or provide further clarity. She asserts, "All extra money after all bills goes to straight to paying of $1,000,000.00 security agreement lien."[27]  But she does not dispute the Report's conclusions about the lien or provide any additional information.  This is insufficient to exempt her from the applicable local rule. Therefore, she has failed to show an inability to pay the filing fee.

## CONCLUSION

For the reasons explained above, the court ADOPTS the Recommendation in full and DENIES the Motion.[28]  Trammell shall pay the required court fee within thirty days.  Failure to pay the court fee within such time will result in the dismissal of the Complaint without prejudice. The court will not consider any other motion until the filing fee has been paid in full.

SO ORDERED this 11th day of May, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United State District Judge

---

[26] *Report* at 2 (citing Dkt. 1-1, *Exhibit 1* (*Notice of Lien*); *Complaint*).

[27] *Objection*.

[28] Dkt. 2.